Mr. Douglas R. Bell Attorney for the Central Broward Drainage District 8020 Stirling Road (Davie) Hollywood, Florida 33024
Dear Mr. Bell:
This is in response to your request for an opinion on substantially the following questions:
 1. MUST ALL THE PROCEEDINGS OF THE BOARD OF COMMISSIONERS OF THE CENTRAL BROWARD DRAINAGE DISTRICT BE TAPE RECORDED?
 2. IF THESE PROCEEDINGS ARE TAPE RECORDED, HOW LONG MUST THE TAPES OF THESE MEETINGS BE RETAINED BY THE DISTRICT?
Your letter of inquiry states that the proceedings of the Board of Commissioners of the Central Broward Drainage District (hereinafter "District") are taken down in shorthand by a secretary who then prepares the minutes of the proceedings. These proceedings are not taped and therefore the only records of these meetings are the minutes prepared by the secretary.
QUESTION ONE
Your first question asks if the proceedings of the Board of Commissioners must be tape recorded.
This question is answered in the negative.
I am not aware of (nor have you drawn to my attention) any provision of Ch. 61-1439, Laws of Florida, which created your District, or of any provision of subsequent amendatory legislation which would require that the above-described proceedings be tape recorded. Compare, last sentence of s. 9 of Ch. 61-1439 (as amended by Ch. 79-432, Laws of Florida) providing that the secretary of the district "shall keep a record[1] of the proceedings of said board and of the minutes of the meetings of said board in a substantially bound book. . . ." (e.s.)
The meetings of the District's Board of Commissioners are subject to the Government-in-the-Sunshine Law, s. 286.011, F.S. See, AGO's 74-169 and 71-171 discussing the applicability of s. 286.011(1) to special districts. See also, s. 189.005(2), F.S. (providing that all meetings of the governing body of a special district [as defined in ss. 189.003(1) and 218.31] "shall be open to the public and governed by the provisions of chapter 286"). However, subsection (2) of s. 286.011 does not require that such meetings be tape recorded, nor does that subsection require a verbatim transcript. See, AGO 82-47 (discussion of Sunshine Law's requirement of "minutes"). Thus, neither s. 286.011 nor any provision of your District's enabling legislation requires the tape recording of the proceedings or meetings of the District. See, AGO 75-45 (tape recorder may be used to record proceedings subject to s. 286.011, if written minutes promptly recorded); contrast, s. 286.0105 (public meeting or hearing notice must advise persons [who may decide to appeal decisions therefrom] that burden of making verbatim record is on potential appellant).
QUESTION TWO
Your second question asks — assuming that some or all proceedings of the Board of Commissioners are tape recorded — how long those tape recordings must be retained by the District. Such tape recordings would be considered "public records" within the terms of Ch. 119. See, s. 119.011(1) defining "public records" as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency," and s. 119.011(2) defining "agency," to include, inter alia, any district. Section 119.041, F.S., provides for the disposal of records, stating:
 Every public official shall systematically dispose of records no longer needed subject to the consent of the Division of Archives, History and Records Management of the Department of State in accordance with chapter 267.
Section 267.051(6), F.S., provides:
 No record shall be destroyed or disposed of by any agency unless approval of the division [of Archives, History and Records Management of the Department of State] is first obtained. The division shall adopt reasonable rules not inconsistent with this chapter which shall be binding on all agencies relating to the destruction and disposal of records.
See also, AGO's 82-47, 81-12. And see, AGO 75-45 (concluding that tape or sound recordings of meetings of municipality must be preserved, retained, and disposed of in compliance with the provisions of s. 267.051). Paragraph (a) of s. 267.051(6) requires the division's rules to contain procedures for submission to the division of schedules of records proposed for disposal. Thus, it would appear that the disposal of the above described tape recordings would be controlled by schedules referred to in s. 267.051(6)(a), F.S.
In summary, it is my opinion that s. 286.011, F.S., does not require the meetings of the Board of Commissioners of the Central Broward Drainage District to be tape recorded. However, once made, the destruction or disposal of such recordings is controlled by ss. 119.041 and 267.051(6), F.S., and schedules adopted or approved under the latter statute by the Division of Archives, History, and Records Management of the Department of State.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] "Record" is defined by The American Heritage Dictionary of the English Language, p. 1089 as, inter alia, "[a]n account officially written and preserved. . . ." Compare, definition of "tape-record," Ibid, p. 1316, "[t]o record on magnetic tape."